1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

REINE ANTHONY NOLAND,

                                    Plaintiff,

        vs.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                                    Defendant.

CASE NO. 12CV753 JLS (JMA)

**ORDER (1) DENYING
PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED IN FORMA
PAUPERIS; (2) DISMISSING
COMPLAINT**

(ECF No. 2)

        Presently before the Court is Plaintiff Reine Anthony Noland's ("Plaintiff") motion for leave to proceed *in forma pauperis* ("IFP").  (IFP Mot., ECF No. 2)  Plaintiff has submitted a civil action seeking judicial review of the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. (Compl., ECF No. 1)

### MOTION TO PROCEED IFP

        All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of

1  assets, showing that plaintiff is unable to pay the required filing fee.  28 U.S.C. § 1915(a).  The

2  Court has broad discretion to deny a motion to proceed IFP in a civil action, however.  *O'Loughlin*

3  *v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

4       Here, Plaintiff does not indicate whether or where he is employed, but notes that his take-

5  home pay is $1142.41. (IFP Mot. 1, ECF No. 2)  He further indicates that he receives "pension of

6  $642 and a settlement of $500 a month." (*Id.*)  The Court notes that together the pension and

7  settlement funds amount to $1142, approximately the same amount Plaintiff lists as his take-home

8  pay.  As such, because Plaintiff has left question 2 regarding his employment blank, it is unclear

9  whether these funds—listed under "Other Income"—are in addition to the take-home pay listed, or

10  are the sources of the take-home pay.

11       Plaintiff also has $600 in his bank account, and owns a five-year-old truck worth

12  approximately $8000. (*Id.* at 2)  He indicates, however, that he pays $725.05 per month in truck

13  payments, and that the truck "will soon be in [his] bankruptcy case." (*Id.*)  He lists no other

14  dependants, debts, or financial obligations. (*See id.*)

15       Based on the information provided, the Court is unable to determine whether leave to

16  proceed IFP should be granted.  A plaintiff wishing to proceed IFP must demonstrate his poverty

17  with "some particularity, definiteness, and certainty," which Plaintiff has not done here.  *United*

18  *States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (internal quotation marks

19  omitted).  Plaintiff should have provided an accurate and detailed response to question 2 in the IFP

20  application, indicating when, whether, and where he is employed, and whether the take-home pay

21  listed is in addition to the pension and settlement funds, or is the total of those funds.  The scant

22  information given in Plaintiff's IFP application provides the Court with no reliable understanding

23  of Plaintiff's financial position.  Thus, the Court finds that Plaintiff's declaration of inability to pay

24  costs or give security is insufficient to permit him to proceed IFP.

25       For these reasons, Plaintiff's motion to proceed IFP is **DENIED** and the complaint is

26  **DISMISSED WITHOUT PREJUDICE**.  Pursuant to this Order, however, Plaintiff is granted

27  <u>sixty days</u> from the date this Order is electronically docketed to pay the $350 filing fee required to

28  maintain this action pursuant to 28 U.S.C. § 1914, or to submit an amended IFP application with

additional documentation regarding his economic status.  If Plaintiff chooses to file additional information regarding his poverty he **SHALL ATTACH** a copy of this Order to his amended IFP application.

      **IT IS SO ORDERED**.


DATED:  April 2, 2012

Honorable Janis L. Sammartino
United States District Judge

12cv753